# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association, <br><br>          Plaintiff, <br><br>     v. <br><br>SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, FOSTER FARMS, LLC, and FOSTER POULTRY FARMS, INC., <br><br>          Defendants. | 1:06-cv-1648 OWW DLB <br><br> AMENDED SCHEDULING CONFERENCE ORDER <br><br> Discovery Cut-Off: 8/18/08 <br><br> Non-Dispositive Motion Filing Deadline: 8/29/08 <br><br> Dispositive Motion Filing Deadline: 9/15/08 <br><br> Settlement Conference Date: 8/28/08 10:00 Ctrm. 9 <br><br> Pre-Trial Conference Date: 11/24/08 11:00 Ctrm. 3 <br><br> Trial Date:  1/6/09 9:00 Ctrm. 3 (JT-10 days) |

I.   Date of Scheduling Conference.

   March 21, 2007.

II.   Appearances Of Counsel.

   Center on Race, Poverty & the Environment by Avinash Kar, Esq., and Brent J. Newell, Esq., appeared on behalf of Plaintiff.

   Philip M. Jay, Esq., and Catherine M. Redmond, Esq., appeared on behalf of Defendant San Joaquin Valley Unified Air

1

Pollution Control District.

Howrey Simon Arnold & White, LLP, by Elizabeth M. Weaver, Esq., appeared on behalf of Defendants Foster Farms, LLC, and Foster Poultry Farms, Inc.

III. Summary of Pleadings.

1. This case is a citizen suit by the Association of Irritated Residents ("AIR") against Foster Farms, LLC, and Foster Poultry Farms, Inc. (collectively "Foster Farms") and the San Joaquin Valley Unified Air Pollution Control District ("District"). AIR alleges that, in violation of the federal Clean Air Act and the federally approved State Implementation Plan ("SIP"), the District is allowing Foster Farms to expand its chicken factory operations at El Dorado Ranch and Davis Ranch without purchasing required air pollution "offsets" to mitigate the impact of its air pollution emissions on the San Joaquin Valley's already unhealthy air. AIR also alleges that the District failed to comply with Best Available Control Technology ("BACT") requirements in the SIP.

2. The District contends that the offsets provision of its rule does not apply to minor agricultural sources such as the Foster Farms facilities at issue in this case. The District further contends that this Court lacks jurisdiction to address AIR's argument regarding BACT. Foster Farms also contends that emission reduction credits (or offsets) were not required prior to the issuance of permits by the District to the Foster Farms chicken ranch operations at issue in this case.

3. Plaintiff AIR's Complaint contains two causes of action that allege that Foster Farms began actual construction of the

1  chicken facility without complying with pollution controls
2  mandated in District Rule 2201, which is part of California's SIP
3  and thus federally enforceable.  The first cause of action
4  alleges that the District and Foster Farms violated Rule 2201's
5  "offset" requirement.  Rule 2201 requires that a stationary
6  source undergoing modifications purchase offsets to mitigate its
7  emissions of air pollutants if emissions from the facility exceed
8  set thresholds for each pollutant.  AIR alleges that the District
9  failed to require and Foster Farms failed to purchase offsets for
10 volatile organic compounds ("VOC") emissions at El Dorado Ranch
11 and Davis Ranch, which have Potentials to Emit VOC exceeding the
12 threshold of ten tons per year.  AIR also alleges that the
13 District failed to require and Foster Farms failed to purchase
14 offsets for emissions of particulate matter with an aerodynamic
15 diameter less than or equal to 10 microns ("PM10") at El Dorado
16 Ranch, which has a Potential to Emit PM 10 exceeding the
17 threshold of 14.6 tons per year.  El Dorado Ranch has a Potential
18 to Emit 20.98 tons of VOC per year and 16.78 tons of PM10 per
19 year.  Davis Ranch has a Potential to Emit 18.05 tons of VOC per
20 year.
21      4.   The District contends that the legislative history
22 behind its Rule 2201 clearly demonstrates that the offsets
23 provisions of the Rule was intended to apply to minor
24 agricultural sources such as the Foster Farms facilities at issue
25 here.  In addition, the District contends that the District only
26 has the regulatory authority granted to it by the State of
27 California and that current state law prohibits the District from
28 requiring offsets for minor agricultural sources unless such

3

sources can also generate offsets, which the District claims they currently cannot do.  Foster Farms agrees with the District's contentions and agrees that Rule 2201 was correctly construed by the District in connection with the District's issuance of permits to Foster Farms for its chicken ranch operations.

5.   AIR's second cause of action alleges the District violated the BACT requirement in Rule 2201.  Rule 2201 requires a new or modified stationary source of air pollution or an emissions unit to install BACT when emissions of VOC or PM 10 exceed 2 pounds per day.  AIR alleges that each of the mechanically ventilated broiler houses at El Dorado Ranch and Davis Ranch is an emissions unit with a potential to emit exceeding the BACT threshold of two pounds a day of VOC.  AIR alleges that the District improperly relied on its current cost-effectiveness threshold to eliminate effective technologies in making BACT determinations for El Dorado Ranch and Davis Ranch. The District's current threshold has been determined to be inadequate by the California Air Resources Board.  The cost-effectiveness threshold at comparable air districts is three to four times greater than that used by the District.

6.   The District contends that the cost-effectiveness threshold is purely discretionary with its legislative body and is not properly before this Court.  Further, the District states that even under the higher thresholds employed by some air districts, the control technology advocated by AIR is not cost-effective.  Although this claim was not filed against Foster Farms, Foster Farms contends that the control technologies required by the District for the Foster Farms chicken ranch

4

projects were appropriate and that the District properly evaluated the cost-effectiveness of alternative technologies in making its BACT determination for the Foster Farms projects.

    7.    Foster Farms and the District both assert the following affirmative defenses:

        a.    AIR has failed to join the State of California as a necessary party because the District has only the regulatory authority granted to it by the State of California and thus has no authority to require Foster Farms to purchase offsets;

        b.    The Complaint and all causes of action are or will be moot as a result of amendments to Rule 2020 and 2201 adopted in September 2006 and submitted to the California Air Resources Board and EPA for approval;

        c.    AIR has failed to exhaust state law remedies; and

        d.    AIR fails to state a claim upon which relief can be granted.

    8.    In addition, Foster Farms asserts that AIR has failed to exhaust administrative remedies, that AIR lacks standing to assert the claims in the Complaint, and that any violations of law that occurred were committed by individuals and entities other than Foster Farms.  The District separately asserts that the Court lacks subject matter jurisdiction because the BACT cost-effective threshold is a purely discretionary policy set by the legislative body of the District, is not included in a federally approved rule, and thus is not federally enforceable. The District also asserts that AIR has waived all its causes of action and that the causes of action are barred by the applicable statute of limitations.  Defendant Foster Poultry Farms asserts

that it is not a proper party to this litigation and has undertaken no actions that give rise to any claim against it.

    9.    Association of Irrigated Residents seeks declaratory relief, civil penalties of $32,500 per day against Foster Farms and against the District since Foster Farms began actual construction on or about May 30, 2006, a preliminary and permanent injunction prohibiting Foster Farms' operation of the permitted facilities without the required pollution controls, an order requiring Foster Farms to remedy the environmental harm caused by the violation of the Clean Air Act, and attorneys' fees and costs of litigation.

    10.    Foster Farms and the District both seek dismissal of the complaint, attorneys' fees, and costs of suit.

IV.    Orders Re Amendments To Pleadings.

    1.    At present, none of the parties contemplate amendments to the pleadings.

V.    Factual Summary.

    A.    Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.    The District and Foster Farms do not dispute that the Davis Ranch and El Dorado facilities emit VOC and PM10.

        2.    The San Joaquin Valley has an air pollution problem.

        3.    A reaction between VOC and oxides of nitrogen forms ozone and ozone and PM10 are associated with health effects.

        4.    The Davis Ranch and El Dorado Ranch are located in Fresno County, California and the Eastern District of California and that Fresno County is included in the San Joaquin Valley Air

6

Basin which EPA has designated a serious non-attainment area for the eight hour ozone national ambient air quality standards.

5. The Plaintiffs sent 60 day notices of intent to sue to the District on August 8, 2006, to Foster Farms, LLC and Foster Poultry Farms, Inc.

6. The San Joaquin Valley Unified Air Pollution Control District was sent a 60 day notice of intent to sue on August 8, 2006.

B. Contested Facts.

1. All remaining facts are contested.

VI. Legal Issues.

A. Uncontested.

1. Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 7604(a). The District questions whether the relief sought by Plaintiff is in whole or in part barred by failure to exhaust remedies and other grounds.

2. Venue is proper under 28 U.S.C. § 1391(b)(2).

3. The parties agree that the EPA has approved Rule 2201 as part of the SIP.

B. Contested.

1. All other legal issues remain in dispute.

2. Foster Farms Defendants further challenge Plaintiffs' standing to bring this suit.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in

7

this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties are ordered to complete all discovery on or before August 15, 2008.

    2.   Plaintiffs are directed to disclose all expert witnesses, in writing, on or before May 1, 2008.  Defendants are directed to disclose all expert witnesses, in writing, on or before June 2, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any

8

discovery motions, will be filed on or before August 29, 2008, and heard on October 3, 2008, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than September 15, 2008, and will be heard on October 20, 2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   November 24, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   January 6, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United

States District Judge.

2. Plaintiffs have requested jury trial. Defendants dispute whether they have a right to jury trial. This issue shall be addressed by motion. The District and Foster Farms also contend that the remedies sought by Plaintiff are issues for judicial determination only under 42 U.S.C. §§ 7604(d), (g). Plaintiff contends that the right to jury trial exists based on the Court's determination of penalties under 42 U.S.C. § 7413(e)(1), which involves factual issues regarding the level of emissions from the two Foster Farms facilities.

3. Counsels' Estimate Of Trial Time:

    a. 10 days.

4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII. Settlement Conference.

1. A Settlement Conference is scheduled for August 28, 2008, at 10:00 a.m. in Courtroom 9 before the Honorable Denis L. Beck, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is

allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

       4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

       5.   The Confidential Settlement Conference Statement shall include the following:

          a.   A brief statement of the facts of the case.

          b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

          c.   A summary of the proceedings to date.

          d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

11

1            e.    The relief sought.
2            f.    The parties' position on settlement,
3  including present demands and offers and a history of past
4  settlement discussions, offers and demands.
5  XIV. Request For Bifurcation, Appointment Of Special Master,
6  Or Other Techniques To Shorten Trial.
7       1.   None.
8  XV.  Related Matters Pending.
9       1.   There are no related matters.
10 XVI. Compliance With Federal Procedure.
11      1.   The Court requires compliance with the Federal
12 Rules of Civil Procedure and the Local Rules of Practice for the
13 Eastern District of California.  To aid the court in the
14 efficient administration of this case, all counsel are directed
15 to familiarize themselves with the Federal Rules of Civil
16 Procedure and the Local Rules of Practice of the Eastern District
17 of California, and keep abreast of any amendments thereto.
18 XVII.     Effect Of This Order.
19      1.   The foregoing order represents the best
20 estimate of the court and counsel as to the agenda most suitable
21 to bring this case to resolution.  The trial date reserved is
22 specifically reserved for this case.  If the parties determine at
23 any time that the schedule outlined in this order cannot be met,
24 counsel are ordered to notify the court immediately of that fact
25 so that adjustments may be made, either by stipulation or by
26 subsequent scheduling conference.
27      2.   Stipulations extending the deadlines contained
28 herein will not be considered unless they are accompanied by

12

1 affidavits or declarations, and where appropriate attached
2 exhibits, which establish good cause for granting the relief
3 requested.
4    3.   Failure to comply with this order may result in
5 the imposition of sanctions.

7 IT IS SO ORDERED.

8 Dated:   March 30, 2007                    /s/ Oliver W. Wanger
  emm0d6                              UNITED STATES DISTRICT JUDGE

13